IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Obed E. Bonilla-Santiago, et al** | * | |
| *Plaintiffs*, | * | Case No. 1:20-cv-02524-TSC |
| v. | * | |
| **BLB Privatized Housing, LLC, et al** | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JOINT STATEMENT REGARDING DISCOVERY DISPUTE

COMES NOW the Parties, by and through undersigned counsel in accordance with this Honorable Court's May 12, 2022 Scheduling Order, and states as follows:

1. The Defendants in this matter seek to take the Deposition of Plaintiffs Obed Bonilla-Santiago, Dayanara Bonilla, and their seven-year old daughter, Plaintiff A.B., at their Washington, D.C. office. They are foregoing the Deposition of Plaintiff K.B., who is four years old.

2. This action involves allegations related to housing at the Joint Base Anacostia-Bolling ("JBAB"), located in Washington, D.C.  Plaintiffs filed this action in Washington, D.C. in September 2020.

3. At the time of the filing of this action, Plaintiffs were residing in Washington, D.C., as Plaintiff Obed Bonilla-Santiago was stationed in Washington, D.C. for his duties as an Active Duty United States Marine.

4. The United States Marine Corps has since relocated the Plaintiffs to Plantation, Florida, near Fort Lauderdale, where Plaintiff Obed Bonilla-Santiago is currently serving as a recruiter.

5. Defendants have noticed depositions of Plaintiffs to occur prior to the discovery cutoff in Washington, D.C. Plaintiffs object and wish to seek a protective order. The parties' positions are explained herein.

## **Background and Meet and Confer Efforts**

6. In September 2022, Defendants noticed the depositions of Plaintiffs Dayanara Bonilla and Obed Bonilla-Santiago to occur in Washington, D.C. on October 10 and 11 respectively. Counsel for Plaintiffs indicated he was unavailable on those dates and asked to meet and confer.

7. Counsel for the parties conferred by telephone on September 29, 2022, and subsequently through email correspondence in October. Plaintiffs expressed concern about traveling to Washington, D.C. for depositions because of work schedule and childcare issues and suggested that the depositions occur in Florida, where the Plaintiffs live now, or that the depositions be conducted remotely.

8. Defendants communicated an unwillingness to travel from Washington, D.C. to Florida for Plaintiffs' depositions for a case they brought in Washington, D.C. Defendants also expressed concern about conducting depositions remotely considering the importance of the credibility of the witnesses in this matter. Defendants offered to work to accommodate Plaintiffs' schedules in any way possible to lessen the inconvenience. For example, Defendants suggested staggering the deposition dates to ensure one parent could remain in Florida if they have no alternative childcare

9. Plaintiffs subsequently offered dates for their depositions in Fort Lauderdale or by Zoom.

10. Defendants responded reiterating a willingness to be accommodating of schedules but maintaining the expectation that Plaintiffs will travel to Washington, D.C. for their depositions.

11. Defendants requested dates from Plaintiffs in multiple subsequent emails but received no response.  On October 29, to allow sufficient time for planning because the close of discovery is November 18, Defendants selected dates and served notices of depositions to occur in Washington, D.C. as follows: Dayanara Bonilla on November 14; A.B. (Minor Child)[1] on November 15; and Obed Bonilla-Santiago on November 18.

12. Plaintiffs indicated an intention to seek a protective order.

### Plaintiffs' Position

13. Plaintiffs have objected to conducting the deposition in Washington, D.C., given that it would require them to travel from South Florida with two young children, which would disrupt not just A.B.'s school schedule, but also Plaintiff Obed Santiago-Bonilla's duties.

14. Plaintiff's counsel has offered to either conduct the deposition on site in Plantation, Florida, given that it is easier for counsel to travel than it would be for the Plaintiffs, or, via remote videoconference, using Zoom or an equivalent.

15. Although Plaintiffs brought this pending action in Washington, D.C., where venue is most appropriate and the Plaintiffs were living at the time, the Defendants are in the business of leasing housing to military service members and their families, which are an intrinsically transient population that rarely spends more than two or three years in a single location. To the extent that the Plaintiffs chose U.S. District Court for the District of Columbia as a

---

[1] Defendants had hoped to avoid deposing the minor children, but Plaintiffs have repeated referenced the harm to their daughter, A.B., and Defendants have not received any evidence of such harm, necessitating the taking of her deposition.

forum, the Defendants' filing of a Motion to Dismiss delayed proceedings by over a year, during which the United States Marine Corps moved the Plaintiffs to their current home in Florida.

16. Defendants, operating as Hunt Military Communities, operates not just in Washington, D.C., but in Texas, South Dakota, Georgia, Alabama, Arkansas, Louisiana, Tennessee, Delaware, Colorado, Mississippi, Oklahoma, South Carolina, Nevada, Washington, Indiana, Illinois, Hawaii, California, and the state where the Plaintiff's currently reside, Florida.

17. Plaintiffs have identified numerous witnesses who have since relocated from Washington, DC., to locations in George, Southwest Virginia, and Northwest Pennsylvania.

18. Since the start of the COVID-19 public health emergency, depositions, hearings,- and even some trials have moved online.

~~14.~~19.

## Defendants' Position

~~15.~~20.    It is Defendants' position that Plaintiffs should be required to appear for their depositions in Washington, D.C., the location where they brought this lawsuit. "Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." Charles Alan Wright & Arthur R. Miller, 8A Federal Practice & Procedure § 2112 (3d ed. 2002).

~~16.~~21.    This Court has held that where a plaintiff chooses to bring suit in Washington, D.C., he or she can be required to attend an in-person deposition in D.C. *See Buaiz v. United States,* 2007 WL 9770727 (D.D.C. Oct. 17, 2007) (holding that because a resident of

Tennessee sued in Washington, D.C. and "voluntarily submitted to the jurisdiction of this Court," the defense attorney could "legitimately insist on an in-person deposition and [could] also insist that it be taken in D.C. where the suit is pending."); *Cobell v. Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003) (refusing to accede to plaintiffs' request to conduct deposition "in a district different from the one in which plaintiffs have filed suit").

~~17.~~22.    Moreover, in-person depositions are crucial to observing a witness's demeanor and assessing a witness's credibility. *See, e.g. Black v. Larimer Cty.*, 722 F. App'x 763, 768 (10th Cir. 2018) (noting the importance of conducting a deposition "in person" so that the party could observed the witness's "demeanor for purposes of judging her credibility"); *Mill-Run Tours, Inc.*, 124 F.R.D. at 549 (noting the importance of observing the demeanor of the deponent to "evaluate his credibility in anticipation of trial").

~~18.~~23.    In this case, Plaintiffs alleged they have suffered physical and psychological injuries because of conditions that existed at JBAB and they are seeking over $2 million in damages. Plaintiffs did not disclose any expert witness that will provide testimony on alleged physical or psychological injuries, nor did Plaintiffs disclose any damages experts.[2] Accordingly, this case will turn on evidence presented by these three witnesses, making an in-person assessment of their credibility all the more important.

~~19.~~24.    While Defendants can certainly appreciate that travel may be inconvenient, the inconvenience of traveling for a deposition is insufficient to overcome the presumption that Plaintiff will be available for deposition in the forum in which he or she brought the lawsuit. "A plaintiff generally is required to bear any reasonable burden or inconvenience that the

---

[2] Plaintiffs' Rule 26(a)(2) Expert disclosures were due September 9, 2022. *See* Dkt. No. 37.

civil action presents." *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 585 (N.D. Fla. 2019). A plaintiff "has not only taken the volitional step of initiating the lawsuit or claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant. A plaintiff, therefore, cannot invoke the mere fact inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim." *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999).

20.25. For the reasons explained herein, it is Defendants' position that Plaintiffs should make themselves available for in-person depositions in Washington, D.C., where they brought this action.

WHEREFORE, the Parties respectfully request the Court's assistance by way of on-the-record telephone conference in order to resolve this matter.

| /s/ Andrew P. Gross | /s/ Laura LoBue |
|---|---|
| Andrew P. Gross, Esq. | Laura B. LoBue (DC Bar # 977936) |
| Bar No. 187538 | Jeffrey A. Knight (DC Bar # 460172) |
| Law Office of Andrew P. Gross, LLC | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 600 Washington Avenue, Suite 201 | 1200 17th Street, NW |
| Towson, MD 21204 | Washington, DC 20036 |
| T: (443) 846-0740 | Tel: (202) 663-8000 |
| F: (443) 846-0741 | Fax: (202) 663-8007 |
| agross@apgrosslaw.com | laura.lobue@pillsburylaw.com |
| *Counsel for the Plaintiffs* | jeffrey.knight@pillsburylaw.com |
| | *Counsel for Defendants* |

Case 1:20-cv-02524-TSC   Document 40   Filed 11/07/22   Page 7 of 7